**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF101 WEST LOMBARD STREET
DEBORAH L. BOARDMANBALTIMORE, MARYLAND 21201
UNITED STATES MAGISTRATE JUDGE(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 27, 2021

LETTER TO COUNSEL

RE:Melissa R. v. Saul
Civil No. DLB-17-1943

Dear Counsel:

Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before the Court. ECF 26. In response, the Commissioner asked the Court to consider whether Mr. Murahari's requested fee is reasonable. ECF 27. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED.

On July 26, 2020, this Court awarded Mr. Murahari $3500.00 for 17.50 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 22; ECF 24; ECF 25. Plaintiff subsequently received a favorable decision, which resulted in an award of $111,198.00 in past-due benefits. ECF 26. On September 10, 2020, Mr. Murahari filed a Line seeking $27,799.50 in attorney's fees. ECF 26. Mr. Murahari has agreed to reimburse plaintiff for EAJA fees Mr. Murahari previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

The Court may only award attorneys' fees under 42 U.S.C. 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as

*Melissa R. v. Saul*
Civil No. DLB-17-1943
April 27, 2021
Page 2

one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level." *Id.* Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Murahari and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Murahari 25 percent of all retroactive benefits to which she might become entitled. ECF 22-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted an itemized report documenting 17.50 chargeable hours he worked on Plaintiff's case in this court. *See* ECF 22-7 (listing a total of 18.65 hours, 1.15 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Murahari receives the full amount of fees he requests, his fee for representation will effectively be $1,588.54 per hour. Mr. Murahari must therefore show that an effective rate of $1,588.54 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Murahari's typical hourly billing rate is $300.00. ECF 22-6 ¶ 6. This is within the presumptively reasonable hourly rate commensurate with Mr. Murahari's experience pursuant to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with an hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with an hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari. *See, e.g.*, *Janette G. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-757 (D. Md. Feb. 5, 2020); *Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090 (D. Md. July 25, 2019). This case is no exception. In taking the case on a contingency fee, Mr. Murahari agreed to the possibility of no fees and his client agreed to pay him 25 percent of all retroactive benefits to which she might become entitled. Further, Mr. Murahari represented plaintiff in her administrative hearing after the Court's remand in this case. ECF 26-1 at 4. While this Court may not award Mr. Murahari fees under 42 U.S.C. § 406(b) for his representation of plaintiff at the administrative level, the Court can consider that representation as part of its reasonableness analysis. *Mudd*, 418 F.3d at 428. In this case, Mr. Murahari's effective advocacy resulted in a favorable decision for plaintiff, whose back benefits were in excess of $100,000. Even though the effective hourly rate of $1,588.54 is five times Mr. Murahari's typical hourly rate, the requested fee is reasonable in light of Mr. Murhari's direct role in all parts of plaintiff's successful claim and should be approved.

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2018). Currently, Mr. Murahari has over nine years of experience. ECF 22-6 ¶ 5. The presumptively reasonable hourly rate for attorneys admitted to the bar for nine to fourteen years is $225.00 and $350.00. Loc. R. App'x B(3)(c).

*Melissa R. v. Saul*
Civil No. DLB-17-1943
April 27, 2021
Page 3


For the reasons set forth herein, this Court GRANTS Mr. Murahari's motion seeking attorney's fees, ECF 26.  This Court will award Mr. Murahari attorney's fees totaling $27,799.50.  Mr. Murahari is directed to reimburse plaintiff the fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

                           Sincerely yours,

                           /s/

                           Deborah L. Boardman
                           United States Magistrate Judge